# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 23-16164

**Case Name** Wolford v. Lopez

**Counsel submitting this form** Ben Gifford

**Represented party/parties** Anne E. Lopez, Attorney Gen., State of Hawaiʻi

*Briefly describe the dispute that gave rise to this lawsuit.*

To address the dangers of firearms and gun violence, the Hawaiʻi Legislature enacted Act 52, which designates certain locations as sensitive places where guns may not be carried, and prohibits individuals from carrying firearms on others' property without permission. As relevant here, Act 52 prohibits firearms in: government buildings, *see* HRS §134-A(a)(1); bars and restaurants serving alcohol, *see id.* §134-A(a)(4); parks and beaches, *see id.* §134-A(a)(9); banks and financial institutions, *see id.* §134-A(a)(12), and adjacent parking areas to all the foregoing. The Act also prohibits firearms on the private property of another person without that person's express authorization. *See id.* §134-E. The Governor signed the Act on June 2, 2023, and these provisions took effect on July 1.

On June 23, Plaintiffs sued the Attorney General and sought a TRO and PI. Dkts. 1, 7. Plaintiffs challenged: HRS §134-A(a)(4), as applied to restaurants (but not bars) serving alcohol and adjacent parking areas; HRS §134-A(a)(9), as applied to parks, beaches, and adjacent parking areas; HRS §134-A(a)(12) in its entirety; and HRS §134-A(a)(1), as applied to parking areas adjacent to government buildings that were also covered by §§134-A(a)(4), (9), or (12). Plaintiffs also challenged HRS §134-E, the private property default rule.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                  Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

Following a hearing on July 28, the district court granted Plaintiffs' motion and enjoined each of the challenged provisions in a 91-page order issued on August 8. *See* Dkt. 66 ("Order Granting in Part and Denying in Part Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction"). Although the district court's order purported to grant Plaintiffs' motion only "in part," the court awarded Plaintiffs essentially all the relief they sought. The district court enjoined §134-E as to any private property "held open to the public," and it enjoined the portions of §134-A(a)(9) prohibiting the carrying of firearms in parks, beaches, and their adjacent parking areas. Dkt. 66 at 91. The court also enjoined §134-A(a)(12) and §134-A(a)(4) in their entirety, *id.*, despite the fact that Plaintiffs sought an injunction of the latter provision only as to restaurants, *see* Dkt. 7 at 2. And the court enjoined §134-A(a)(1) with respect to parking areas that did not exclusively serve government buildings, *see* Dkt. 66 at 91, despite the fact that the State explained at the hearing that these areas were not covered by §134-A(a)(1). On September 6, the parties jointly stipulated to convert the district court's August 8 order to a preliminary injunction. *See* Dkt. 80.

Appellant will argue on appeal, among other things, that Plaintiffs lack standing and that the district court's order was legally erroneous because, among other things, it misapplied the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Appellant will also argue that the district court erred because each of the *Winter* factors favors denying injunctive relief, not granting it.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

On August 11, Appellant filed in the district court a motion to stay the district court's August 8 order pending appeal, Dkt. 67. On August 14, Appellant filed a Notice of Appeal of the district court's August 8 order, Dkt. 68, which was docketed in this Court as No. 23-16094. On August 15, Appellant filed in this Court a motion to stay the district court's August 8 order pending appeal, and on August 17, this Court denied Appellant's motion "without prejudice to renewing the motion once the district court decides the stay motion or if the district court does not decide the motion by September 1, 2023." On September 6, the parties jointly stipulated to convert the district court's August 8 order to a preliminary injunction, and to stay all further deadlines and proceedings in the district court during the pendency of Appellant's appeal from the preliminary injunction. Dkt. 80. The parties also agreed that Appellant's request that the district court stay its August 8 order would be construed as a request to stay the preliminary injunction pending appeal. *See id.* That request remains pending before the district court. On September 7, Appellant filed a Notice of Appeal of the preliminary injunction, Dkt. 81, and the parties filed a stipulated motion to voluntarily dismiss the appeal in No. 23-16094.

**Signature** s/Ben Gifford          **Date** 09/09/2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                                                  Rev. 09/01/22

2