No 23-16164

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

———————

JASON WOLFORD, et al.,
*Plaintiffs-Appellees,*

v.

ANNE E. LOPEZ, in her official capacity as the Attorney General of the State of Hawaiʻi,
*Defendant-Appellant.*

———————

On Appeal from the United States District Court
for the District of Hawaiʻi
No. 1:23-cv-00265-LEK-WRP
Hon. Leslie E. Kobayashi

———————

**MOTION FOR LEAVE TO FILE BRIEF FOR ANGUS KIRK MCCLELLAN, FPC ACTION FOUNDATION, FIREARMS POLICY COALITION, CALIFORNIA GUN RIGHTS FOUNDATION, THE CENTER FOR HUMAN LIBERTY, AND CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS AS *AMICI CURIAE* IN SUPPORT OF APPELLEES AND AFFIRMANCE**

———————

Bradley A. Benbrook
Stephen M. Duvernay
BENBROOK LAW GROUP, PC
701 University Avenue
Suite 106
Sacramento, CA  95825
(916) 447-4900
brad@benbrooklawgroup.com

*Counsel for Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 29(c)(1) of the Federal Rules of Appellate Procedure, counsel for *amici curiae* hereby state that FPC Action Foundation, Firearms Policy Coalition, California Gun Rights Foundation, the Center for Human Liberty, and Citizens Committee for the Right to Keep and Bear Arms have no parent corporations and have issued no stock.

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Angus Kirk McClellan, FPC Action Foundation, Firearms Policy Coalition, California Gun Rights Foundation, the Center for Human Liberty, and the Citizens Committee for the Right to Keep and Bear Arms respectfully seek leave to file the attached *amicus* brief supporting Plaintiffs-Appellees. Defendant-Appellant has consented to the brief's filing. Plaintiffs-Appellees have not consented.

*Amici* include a history scholar and several nonprofit organizations that seek to promote constitutional rights and civil liberties, including the right to keep and bear arms secured by the Second Amendment. *Amicus* Angus Kirk McClellan is a former college professor and gun writer whose scholarship has centered on Anglo-American legal history from the 18th and 19th centuries. *Amicus* FPC Action Foundation's scholarship and *amicus* briefs, including that of the Foundation's Director of Constitutional Studies, Joseph Greenlee, have been cited in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2133 (2022); *Chiafalo v. Washington*, 140 S. Ct. 2316, 2325 (2020); and *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1541 (2020) (Alito, J., dissenting).

*Amici* are interested in this case to ensure that Hawaii's regulation of firearms is consistent with the original meaning of the Second Amendment as the Framers understood it.

1

This brief is desirable and relevant to the disposition of this appeal because it addresses two core issues presented by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022).

First, the proposed brief argues that the Founding-era understanding of the "sensitive places" doctrine controls. The "scholarly debate" referenced in *Bruen*—whether a court should look to the understanding of the Second Amendment's scope in 1791 or 1868—provides no basis for straying from the Court's consistent practice. The "scope of the protection applicable to the Federal Government and States is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791." *Bruen*, 142 S.Ct. at 2137–38.

Second, the proposed brief analyzes the historical record of "sensitive places" to show how the locations Hawaii now hopes to treat as "sensitive" cannot possibly be analogized to the core founding-era sensitive locations recognized in *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Rather, the historical record shows that, at the founding, carry restrictions were strictly limited to locations where there was comprehensive government-provided security, which stands in stark contrast to Hawaii's sweeping restrictions.

Because the proposed *amici* brief will assist the Court this motion should be granted, and the attached brief filed.

2

3

Dated:  November 9, 2023               Respectfully submitted,

                                       Benbrook Law Group, PC
                                       Bradley A. Benbrook

                                       s/ Bradley A. Benbrook
                                       Attorneys for *Amici Curiae*

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(a) because it contains 430 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Fed. R. of App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: November 9, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Benbrook Law Group, PC
　　　　　　　　　　　　　　　　　　　Bradley A. Benbrook


　　　　　　　　　　　　　　　　　　　s/ Bradley A. Benbrook
　　　　　　　　　　　　　　　　　　　Attorneys for *Amici Curiae*