# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123|(619) 905-9105| alan.alexander.beck@gmail.com

November 15, 2023

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA  94103

    **Re:** 23-16164 *Jason Wolford, et al v. Anne Lopez*

Dear Ms. Dwyer:

    I write this Court to inform it of the recently released decision in *Williams v. Garland*, Civil Action No. 17-cv-2641, 2023 U.S. Dist. LEXIS 203304 (E.D. Pa. Nov. 14, 2023) (attached). There, a Pennsylvania federal court ruled that 922(g)(1) (the federal felon firearm ban) is unconstitutional as applied to the plaintiff, who was convicted of DUI in 2005.

    This case supports Plaintiffs challenge to Hawaii's ban on carrying firearms in establishments which serve alcohol (HRS § 134-A(a)(4)). *See* Answering Brief at 32-36.  Hawaii relies on a variety of historical laws that prohibited carrying a firearm while intoxicated. *See* Opening Brief at 29-30.  In *Williams*, the court rejected the government's reliance on a similar set of laws. "[T]he Court finds the Government's argument that Section 922(g)(1) can be appropriately applied to Plaintiff because of historical regulations on the possession of a firearm by a presently intoxicated person unavailing." *Id* at *11. "None of these regulations allude to disarmament lasting beyond the individual's state of intoxication, and none provided for permanent disarmament, as Section 922(g)(1) does." *Id.* "The language in the regulations offered by the Government suggests an interest in protecting the public from an inevitable danger caused by allowing a presently intoxicated person to use a firearm. (Govt.'s Memo, pp. 13-14, ECF No. 73.) Section 922(g)(1)'s prohibition on firearm possession for those convicted of a DUI cannot, without significant speculation by the Court, be considered as having a substantially similar purpose." *Id* at *12.

    Similarly, the laws Hawaii relies upon do not support prohibiting the carry of firearms for those that have not been drinking alcohol simply because they are in a restaurant or bar that serves alcohol.  There is no historical justification for the government to ban carry simply because a person is having a meal at an

# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123|(619) 905-9105| alan.alexander.beck@gmail.com

establishment that serves alcohol. This Court should find that the trial court did not abuse its discretion in issuing a preliminary injunction against HRS § 134-A(a)(4).

Yours very truly,

/s/ Alan Beck
Alan Beck

# Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123|(619) 905-9105| alan.alexander.beck@gmail.com

<u>CERTIFICATE OF SERVICE</u>

On this, the 15th day of November 2023, I served the foregoing by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I certify that this supplement has 327 words as calculated by Microsoft Office 365. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 15th day of November 2023

<u>s/ Alan Beck</u>