**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION**
**GEORGETOWN UNIVERSITY LAW CENTER**

December 13, 2023

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re: *Jason Wolford, et al v. Anne Lopez*, Case No. 23-16164

Dear Ms. Dwyer:

    The State submits this response regarding *Antonyuk v. Chiumento*, No. 22-2908, 2023 WL 8518003 (2d Cir. Dec. 8, 2023).

    *Antonyuk* strongly supports many of the State's arguments. *Antonyuk* upheld several sensitive-place restrictions, including restrictions materially identical to HRS §§ 134-A(a)(4) and (9). *Id.* at *45-46, 66, 69, 76 (vacating preliminary injunction regarding establishments "where alcohol is consumed" and "public parks"). *Antonyuk* also explained, contrary to Plaintiffs' theories here, that:

- Historical silence does not imply unconstitutionality. *Id.* at *13.

- Even a few analogues can satisfy the State's burden. *Id.* at *14.

- 1791 and 1868 are both relevant; later laws can also be relevant. *Id.* at *15, *27 n.32.

- Courts can properly consider local laws, and historical analogues need not cover particular population percentages. *Id.* at *28.

- Historical traditions should be defined at a reasonable level of generality. *E.g.*, *id.* at *45 ("tradition of prohibiting firearms in locations congregated by vulnerable populations"); *id.* at *59 ("tradition of regulating firearms in public forums and quintessentially crowded places").

Although *Antonyuk* questioned whether urban and rural parks were part of the same tradition, it vacated the preliminary injunction as to *all* public parks because the plaintiffs—like Plaintiffs here—brought a facial challenge. *Id.* at *64. The court also clarified that its doubts rested on "the evidence presently in the record." *Id.* That record lacked expert testimony, present in this case, showing that restrictions in all parks are part of the same tradition. Reply Br. 22-23. Plaintiffs here also characterize most of the parks and beaches they wish to bring firearms into as "moderately" or "very" populated. *E.g.*, 6-ER-1318-1322.

*Antonyuk* also affirmed an injunction against New York's private-property default rule on Second Amendment grounds for private property open to the public, 2023 WL 8518003, at *86, although it expressed "skepticism" about the plaintiffs' First Amendment argument, *id.* at *85 n.115. The Second Amendment analysis was tied to the record in *Antonyuk*: New York had not shown that its analogues regulated private property open to the public. *Id.* at *84. In this case, the State has made that showing. OB54-55.

Very truly yours,

*/s/ Ben Gifford*
Ben Gifford
   *Special Deputy Attorney General*
Institute for Constitutional
   Advocacy & Protection
Georgetown University Law Center
PO Box 211178
Brooklyn, NY 11221
Tel: 202-662-9835
bg720@georgetown.edu

*Attorney for Defendant Anne E. Lopez,
in her official capacity as the
Attorney General of the State of
Hawaiʻi*

Cc: Counsel of record (via CM/ECF)