**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION**
**GEORGETOWN UNIVERSITY LAW CENTER**

July 9, 2024

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re: *Jason Wolford, et al v. Anne Lopez*, Case No. 23-16164

Dear Ms. Dwyer:

The State submits this response regarding *Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (U.S. July 2, 2024), which vacated the Second Circuit's decision in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded for further consideration in light of *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024). Although Plaintiffs are correct that *Antonyuk* is no longer binding precedent in the Second Circuit, they are mistaken that *Antonyuk* "should no longer be considered persuasive authority by this Court." Dkt. 91-1. To the contrary, *Rahimi* supports those aspects of *Antonyuk* that are most helpful to the State.

As the State has previously explained, *see* Dkt. 68, *Antonyuk* correctly applied *Bruen* in several respects. *Antonyuk* held, for example, that: historical traditions should be defined at a reasonable level of generality, *e.g.*, 89 F.4th at 341, 356; historical analogues need not cover particular population percentages, *id.* at 321; historical silence does not imply unconstitutionality, *id.* at 301; and post-enactment laws can be relevant to the *Bruen* analysis, *id.* at 319 n.32. *Rahimi* confirms *Antonyuk*'s reasoning on each of these points. *See, e.g.*, 2024 WL 3074728, at *5-6 (emphasizing that courts must look to "the *principles* that underpin our regulatory tradition," and defining the relevant tradition broadly as "preventing individuals who threaten physical harm to others from misusing firearms" (emphasis added)); *id.* at *8 (citing a single Founding Era law to support the relevant tradition, with no discussion of population percentages); *id.* at *30 (Barrett, J., concurring) (rejecting premise that "founding-era legislatures maximally exercised their power to regulate, thereby adopting a 'use it or lose it' view of legislative authority"); *id.* at *22-23 (Kavanaugh, J., concurring) (emphasizing importance of post-ratification history).

To the extent *Rahimi* cast doubt on *Antonyuk*, it did so only with respect to the Second Circuit's decision to affirm the district court's injunction against New York's private-property default rule.  *See* 89 F.4th at 386.  In any event, that decision was tied to the record in *Antonyuk*, which is distinguishable from the record in this case.  S*ee* Dkt. 68.

Very truly yours,

*/s/ Ben Gifford*
Ben Gifford
 *Special Deputy Attorney General*
Institute for Constitutional
 Advocacy & Protection
Georgetown University Law Center
PO Box 211178
Brooklyn, NY 11221
Tel: 202-662-9835
bg720@georgetown.edu

*Attorney for Defendant Anne E. Lopez,*
*in her official capacity as the*
*Attorney General of the State of*
*Hawai'i*

Cc: Counsel of record (via CM/ECF)